NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ROBERT BRISCOE III, | No. 19-15318 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00716-DAD-SKO |
| v. | |
| RICHARD MADRID; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

James Robert Briscoe III appeals pro se from the district court's judgment
dismissing his 42 U.S.C. § 1983 action alleging constitutional claims. We have
jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28
U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Briscoe's § 1983 claims against Madrid because Briscoe failed to allege facts sufficient to show that Madrid was a state actor. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *George v. Pac.–CSC Work Furlough*, 91 F.3d 1227, 1230-32 (9th Cir. 1996) (plaintiff alleging infringement of constitutional rights by private parties must show that the infringement constitutes state action; explaining approaches for determining state action). Any claims arising from Madrid's conduct described in Briscoe's complaint arise under state law and, absent a cognizable federal claim, are not properly before the federal courts.

The district court properly dismissed Briscoe's § 1983 claims against the Doe defendants because Briscoe failed to allege facts sufficient to state a claim. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72, 974 (9th Cir. 2011) (explaining "special-relationship" and "state-created danger" exceptions to the general rule that a state actor is not liable for an omission or failure to protect); *Hebbe*, 627 F.3d at 341-42.

The district court did not abuse its discretion by denying Briscoe further leave to amend his complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

19-15318

(setting forth standard of review and explaining that dismissal without leave to amend is appropriate where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Briscoe's request to correct the case caption (Docket Entry No. 9) is granted.

**AFFIRMED.**

19-15318